# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7087 | **DATE** | 11/18/2004 |
| **CASE TITLE** | Andre Ferguson vs. Cook County Jail | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order. For the foregoing reasons, this action must be and is dismissed in any event for failure to state a claim upon which relief may be granted. In addition, Ferguson is warned that if any prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious or failing to state a claim, he may not file another suit in federal court without prepaying the entire $150 filing fee unless he is in imminent danger of serious physical injury (see Section 1915(g)). This is the first of those Section 1915(g) "strikes."

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 19 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 8 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 11/18/2004 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | 2004 NOV 18 PM 2:13 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDRE FERGUSON,                )
                               )
            Plaintiff,         )
                               )
    v.                         )   No. 04 C 7087
                               )
COOK COUNTY JAIL,              )
                               )
            Defendant.         )

**DOCKETED**
**NOV 1 9 2004**

MEMORANDUM OPINION AND ORDER

Andre Ferguson ("Ferguson"), an inmate in custody at Menard Correctional Center ("Menard"), brings this pro se civil rights action pursuant to 42 U.S.C. §1983 ("Section 1983"), alleging that he had to sleep on the floor when he was in custody at the Cook County Jail ("Jail") earlier this year. This Court's brief November 15, 2004 memorandum order ("Order") has earlier ordered Ferguson to comply with the provisions of 28 U.S.C. §1915.[1] But under the preliminary screening provision of Section 1915A(a) this Court is also required to dismiss this prisoner action if it determines that it is frivolous or malicious or fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief (Section 1915A(b)). Here, even when Ferguson's factual allegations are accepted as true, this Court finds that the Complaint fails to state a claim as a matter of law.

But before this opinion turns to that subject, another

---

[1] All further references to Title 28's provisions will simply take the form "Section--."



independent basis for dismissal should be addressed. This Court has been apprised by the staff attorneys' office assigned to deal with prisoner lawsuits that he was previously plaintiff in Case No. 02 C 1063 (which asserted a claim comparable to the present one, based on the conditions affecting Ferguson's earlier sojourn at the Jail) and Case No. 02 C 2077, each of which was also assigned to this Court's calendar. Both cases ended with orders (entered on April 17, 2002) that confirmed that until Ferguson paid the remaining balances of the aggregate $300 in filing fees in the two cases, no further filings would be accepted from him. According to the Clerk's Office records, Ferguson has not complied with that condition, so this Court could properly reject the current Complaint and this action on that basis.

Even apart from that consideration, however, it has already been indicated that this action is doomed in substantive terms. What follows explains why.

Ferguson is one of many Jail detainees who have brought pro se complaints over the years, pursuant to Section 1983, relating to having to sleep on the floor at the jail. There is apparently an ill-founded myth at the Jail that inmates who sleep on the floor are entitled to collect damages in federal court.

To state a conditions-of-confinement claim of constitutional significance, the challenged condition must amount to "punishment" (Bell v. Wolfish, 441 U.S. 520, 535 (1979)). That determination is measured by the same yardstick whether

2

considered in the context of the Due Process Clause or of the Eighth Amendment (Zentmeyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000)). Punishment in the constitutional sense requires something more than routine discomfort (Rhodes v. Chapman, 452 U.S. 337, 349 (1981)): "genuine deprivations and hardship over an extended period of time" (Bell, 441 U.S. at 542; accord, Hudson v. McMillian, 503 U.S. 1, 8-9 (1992)("extreme deprivations"); Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999)(same)).

Being assigned to sleep on the floor, while undesirable and unfortunate, is not itself enough to give rise to an arguable due process claim of punishment (Hines v. Sheahan, 845 F.Supp. 1265, 1269 (N.D. Ill. 1994); Powell v. Cook County Jail, 814 F.Supp. 757, 759 (N.D. Ill. 1993) and cases cited there). Although Ferguson identifies some unpleasant collateral consequences of that situation, none of them rose (or, perhaps more accurately, fell) to the level of a constitutional violation. Nor does Ferguson allege that any official at the Jail intended maliciously to subject him to pain or suffering (see Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Both the objective condition and the subjective intent of deliberate indifference must be shown to state a Section 1983 claim (Farmer, id.). Finally, as this Court previously advised Ferguson in a memorandum order issued in his first 2002 lawsuit (and as it has repeated in the Order), the "Cook County Jail" is not a suable entity.

3

For the foregoing reasons, this action must be and is dismissed in any event for failure to state a claim upon which relief may be granted. In addition, Ferguson is warned that if any prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious or failing to state a claim, he may not file another suit in federal court without prepaying the entire $150 filing fee unless he is in imminent danger of serious physical injury (see Section 1915(g)). This is the first of those Section 1915(g) "strikes."

If Ferguson wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment (Fed. R. App. P. 4(a)(4)). If Ferguson does choose to appeal, he will be liable for the $255 appellate filing fee (though perhaps in installments under Section 1915) regardless of the outcome of the appeal (Lucien v. Jockisch, 133 F.3d 464, 467 (7th Cir. 1998)). Lastly, if the appeal is found to be nonmeritorious, Ferguson may also accumulate another "strike" under Section 1915(g).[2]

                                                      _/s/ Milton I. Shadur_
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: November 18, 2004

---

[2] Ferguson must understand that this dismissal does not affect his ongoing duty to pay the remaining filing fees in the two 2002 lawsuits and the $150 filing fee in this case. In the latter respect, the earlier Order in this case remains in effect so as to facilitate the necessary calculations under Section 1915.